**SOUTHERN BLOCK AND PIPE COR-PORATION, Appellee,**

v.

**M/V ADONIS, her engines, boilers, etc., in rem, and Adonis Compania Naviera, S. A., her owner, in personam, Appellants.**

**SOUTHERN BLOCK AND PIPE COR-PORATION, Appellant,**

v.

**M/V ADONIS, her engines, boilers, etc., in rem, and Adonis Compania Naviera, S. A., her owner, in personam, Appellees.**

**Nos. 71–1303, 71–1304.**

United States Court of Appeals, Fourth Circuit.

Argued Oct. 7, 1971.

Decided March 16, 1972.

Braden Vandeventer, Norfolk, Va. (Vandeventer, Black, Meredith & Martin, Norfolk, Va., on brief), for M/V Adonis.

Guilford D. Ware, Norfolk, Va. (Walkley E. Johnson, Jr., and Crenshaw, Ware & Johnson, Norfolk, Va., on

brief), for Southern Block and Pipe Corp.

Before BOREMAN, Senior Circuit Judge, and CRAVEN and RUSSELL, Circuit Judges.

PER CURIAM:

*No. 71-1303*

No. 71–1303 is an appeal by the vessel M/V ADONIS, a bulk carrier, and its owner, Adonis Compania Naviera, S. A., (ADONIS) [1] from a judgment entered by the district court in favor of Southern Block and Pipe Corporation (Southern Block), a Virginia corporation engaged in the manufacture of building block using crushed pumice as a basic raw material. We affirm.

The M/V ADONIS arrived at Southern Block's dock in Norfolk, Virginia, on November 6, 1969, with a cargo of about 18,350 tons of crushed pumice from Yali Island, Greece. In the process of unloading the ship, employees of Southern Block [2] discovered that much of the pumice in No. 5 hold was contaminated with fuel oil. It was later determined that this fuel oil came from a leaking fuel oil sounding pipe which had been damaged prior to the voyage and on which only temporary repairs had been effected. ADONIS knew of this pipe damage and had accepted the temporary repairs.

Originally the No. 5 hold contained 3,224 tons of pumice and the first signs of contamination were seen after about 1500 tons had been discharged. At the time the contamination was discovered it was impossible to ascertain the cause or extent of the damage and, as a precaution, work in No. 5 hold was temporarily stopped. Subsequently, additional material was removed from No. 5 hold after preliminary examination indicated that it was undamaged. With approximately 150 tons remaining in No. 5 it was de-cided that the risk of contaminating the stockpile of pumice on the appellant's dock to which the ship's cargo was being added would be substantial if more pumice were taken from the hold. This remainder was rejected as useless and hauled away by truck. However, it was later discovered that adulterated pumice had been unloaded on the stockpile and had there spread the contamination. Additionally, Southern Block had manufactured many building blocks from the contaminated pumice from the stockpile and these damaged blocks had to be sold at public sale substantially below ordinary sale value. The district judge found that ADONIS had failed to exercise due diligence to make the ship seaworthy and awarded Southern Block a total of $59,401.51 plus taxable costs for the damaged pumice, for the cost of special handling and disposal, for the production and disposition of the spoiled blocks and for the cost of segregating the contaminated material.

On appeal, ADONIS contends (1) that the district court erred in failing to hold that Southern Block breached its warranty of workmanlike service in that it continued to discharge the ship after discovery of the contamination, and (2) that Southern Block failed to mitigate its damages by separating the remainder of the contents of No. 5 hold following discovery of the contamination. The district judge, however, concluded that the actions of Southern Block were reasonable and free of negligence under the circumstances and that a failure to mitigate damages had not been established by a preponderance of the evidence. The lower court's decision was based upon findings of fact supported by the evidence and we are unable to say they were clearly erroneous. We affirm for the reasons stated by the district court in its memorandum opinion, 341 F.Supp. 879 (E.D.Va.1970).

---

1. Other defendants before the district court were found to be free of liability and are not involved in this appeal.

2. Southern Block, by agreement as receiver of the cargo shipment, was acting as its own stevedore.

### No. 71-1304

█ Southern Block has filed a cross-appeal (No. 71–1304) contending that the district court erred in failing to allow interest on the damages awarded from the date of discharge of the pumice. We find the cross-appeal to be without merit and the same will be dismissed.

No. 71–1303 affirmed.

No. 71–1304 dismissed.